IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JOHN WILLIAM CHILDERS, )
 )
        Petitioner, )
 )
v. ) Case No. 17-CV-416-GKF-JFJ
 )
SCOTT CROW, Director,[1] )
 )
        Respondent. )

## OPINION AND ORDER

Before the Court is John William Childers' 28 U.S.C. § 2254 habeas corpus petition (Dkt. 1). Childers challenges his convictions for failing to update his address as a sex offender and living within 2000 feet of a school, CF-2007-341, CF-2007-359. For the reasons below, the Court will deny the petition as untimely.

**I. Background**

Childers pled guilty to the above crimes on September 8, 2009. Dkt. 7-1 at 1. The state court sentenced him to life imprisonment on each charge. *Id.* He attempted to withdraw the plea after sentencing, but the Oklahoma Court of Criminal Appeals (OCCA) denied certiorari review. *Id.* Thereafter, he began filing various motions for post-conviction relief. The following timeline reflects the relevant state court activity between 2010 and 2017:

    September 23, 2010: The OCCA denies certiorari review. Dkt. 7-1.

    December 23, 2010: Childers does not appeal, the 90-day period to seek certiorari review with the United States Supreme Court expires, and the Judgment becomes final. *See United States v. Hurst,* 322 F.3d 1256, 1259 (10th Cir. 2003).

---

[1] Petitioner is incarcerated at the Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma. Dkt. 1 at 1. Scott Crow, Director of the Oklahoma Department of Corrections, is therefore substituted in place of Joe Allbaugh as party respondent. <u>See</u> Habeas Corpus Rule 2(a). The Clerk of Court shall note the substitution on the record.

**- 358 days pass -**

December 16, 2011: Childers files a state application for post-conviction relief, which tolls the statute of limitations. Dkt. 7-2; *see also* 28 U.S.C. § 2244(d)(2). Childers supplemented the application with a petition for mandamus relief on April 18, 2013, urging the state court to rule. Dkt. 7-3.

June 17, 2013: The state court denies the application for post-conviction relief. Dkt. 7-4.

July 17, 2013: Childers does not appeal,[2] and the 30-day period for seeking review with the OCCA expires. *See Gibson v. Klinger,* 232 F.3d 799, 802 (10th Cir. 2000).

July 18, 2013: "The next day statutory tolling ceased, and the available time for filing a federal habeas petition [*i.e.,* seven days][3] resumed." *Trimble v. Hansen*, 764 Fed. App'x 721, 724 (10th Cir.), *cert. denied*, 140 S. Ct. 283 (2019).

**- 11 days pass, during which the one-year period expires -**

July 29, 2013: Childers files another application for post-conviction relief. Dkt. 7-7.

March 20, 2014: The state court denies the application. Dkt. 7-9.

April 22, 2014: Childers does not appeal, and the 30-day appeal period expires.

**- 114 days pass -**

August 14, 2014: Childers files another application for post-conviction relief. Dkt. 7-10.

December 14, 2016: The OCCA denies relief on the application following an appeal. Dkt. 7-12.

**- 212 days pass –**

July 14, 2017: Childers files the instant § 2254 Petition. Dkt. 1

---

[2] Childers did file a petition for mandamus in the OCCA on June 24, 2013 - apparently before he received a copy of the Order Denying Post-Conviction Application - where he again urged the state trial court to rule. Dkt. 7-5. The OCCA denied the petition and declined jurisdiction by a summary order entered July 10, 2013. The Court will disregard the OCCA mandamus proceedings; doing so benefits Childers and does not change the result in this case.

[3] The Court arrived at the seven-day figure by subtracting 358 (the number of days that passed without tolling between December 23, 2010 and December 16, 2011) from 365, the number of days in the one-year period.

Childers contends his conviction and sentence are unconstitutional based on: (Ground 1) ex-post-facto violations; (Ground 2) sentencing errors; and (Ground 3) ineffective assistance of counsel. The Petition also appears to raise a fourth ground challenging the state court's failure to issue findings and conclusions to support its rulings on post-conviction relief (Ground 4). Respondent filed an answer to the Petition, along with relevant copies of the state court records. Dkt. 7. Respondent contends Grounds 1 through 3 are untimely, and that Ground 4 fails on the merits. Childers filed a reply (Dkt. 11), and the matter is fully briefed.

## II. Timeliness of the Habeas Claims

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for habeas corpus petitions. *See* 28 U.S.C. § 2244(d). The limitation period generally begins to run from the date on which a prisoner's conviction becomes final. *Id.* The one-year limitation period can be extended:

(1) While a properly filed state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because AEDPA's one-year limitation period is not jurisdictional, the period may be extended through equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), or "overcome" through "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

The record demonstrates Childers filed his § 2254 petition well after the AEDPA deadline. As noted above, the Judgment became final no later than December 23, 2010, after Childers declined to appeal the original OCCA ruling. *See Fleming v. Evans,* 481 F.3d 1249, 1255 (10th Cir. 2007) (Absent a further appeal to the U.S. Supreme Court, the one-year period begins to run 90 days after the OCCA affirms a conviction); *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (explaining that if the defendant fails to seek certiorari, the conviction becomes final after the 90-day period has passed). On December 16, 2011, with seven days remaining in the one-year period, Childers filed a tolling motion. *See* § 2244(d)(2). However, the initial state habeas proceedings concluded, at the latest, on July 17, 2013, when the post-conviction appeal period expired. *See Barnett v. Lemaster,* 167 F.3d 1321, 1323 (10th Cir. 1999) (the one-year period is tolled while a timely-filed state habeas petition is pending in the trial and appellate court). The clock restarted the following day, July 18, 2013, and the remaining seven days in the one-year period expired on July 25, 2013. Any state court petitions filed after that date did not - as Childers may believe - trigger a new limitations period or otherwise impact the untimely Petition. *See Fisher v. Gibson,* 262 F.3d 1135, 1142-1143 (10th Cir. 2001).

Childers argues he only missed the limitations period "by days." Dkt. 11 at 1. It appears he is referring to his second post-conviction application, which he filed four days after the limitation period expired. Even if Childers filed that motion before July 25, 2013, such that it tolled the one-year period, the federal Petition would still be untimely. Over 600 days years elapsed without any tolling activity between 2011 and July 14, 2017, when Childers filed his federal petition.

Childers also appears to argue the statute of limitations should begin to run when the OCCA issued *Starkey v. Okla. Dept. of Corrections*, 305 P.3d 1004 (Okla. Crim. App. 2013) and *Cerniglia v. Okla. Dept. of Corrections,* 349 P.3d at 542 (Okla. Crim. App. 2013). Those cases address the retroactivity of amendments to the Oklahoma Sex Offender Registration Act, OKLA. STAT. tit. 57,

4

§ 581. However, only United States Supreme Court rulings can trigger the commencement of a new one-year period under 28 U.S.C. § 2244(d)(1)(C). *Starkey* and *Cerniglia* do not qualify under that exception, even if their holdings rely on federal law.

Childers finally argues the state court failed to make findings and conclusions in its rulings denying post-conviction relief; his sentence is unlawful; and he is nearly illiterate. While state post-conviction applications can trigger tolling, *see* § 2244(d)(2), defects in those proceedings have no bearing on the federal limitations period.[4] Childers' arguments about his allegedly unlawful sentence are also unavailing. He "must show that he can satisfy the procedural requirements of" § 2244(d) "[b]efore [the Court can] address[] the merits of [his] claims. *United States v. Greer*, 881 F.3d 1241, 1244 (10th Cir.), *cert. denied*, 139 S. Ct. 374 (2018). Further, Childers' literacy issues and lack of legal assistance are not "extraordinary circumstances" warranting equitable tolling. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing").

For these reasons, the Court must dismiss the § 2254 action as untimely. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11. Childers has not "made a substantial showing of the denial of a constitutional right" or demonstrated reasonable jurists would find the ruling debatable. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The petition for a writ of habeas corpus (Dkt. 1) is **dismissed**.

2. A certificate of appealability is **denied**.

---

[4] The parties appear to believe the alleged defect (*i.e.* failure to make specific findings and conclusions in the order denying post-conviction relief) qualifies as a separate habeas claim, subject to a separate one-year limitation period. The Court disagrees, but in any event, the issue is frivolous. Regardless of the time-bar, there is no authority allowing federal courts to release state prisoners based on the brevity or lack of detail in a post-conviction order.

5

3.  A separate Judgment will be entered disposing of the case.

**ENTERED** this 6th day of January 2020.

                                                       GREGORY K. FRIZZELL
                                                      UNITED STATES DISTRICT JUDGE